**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TIM VAUGHN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-0162-CV-W-FJG |
| | ) | |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are (1) plaintiff's motion to remand (Doc. No. 6); and (2) defendant's motion to dismiss or for more definite statement (Doc. No. 3). Each will be considered below.

### I. Plaintiff's Motion to Remand (Doc. No. 6)

Plaintiff moves to remand the present matter. Plaintiff first argues this is a direct action against the insurer of a policy or contract of liability insurance. In a direct action against an insurer where the insured is not joined as a defendant, pursuant to 28 U.S.C. § 1332(c)(1), the insurer is deemed to be a citizen of the same state as the insured. Plaintiff states that he is a citizen of Kansas, and that the defendant insurer should be considered a citizen of the same state as its insured (Kansas). Plaintiff further states that this cause of action is not removable under 28 U.S.C. § 1445, which prohibits removal of cases arising out of a state's workers' compensation laws. Plaintiff states this case arises "under the Workers' Compensation Acts of both Missouri and Kansas as that is where the underlying

1

facts arose." Therefore, plaintiff states that federal jurisdiction is not present over this matter.

Defendant responds that 28 U.S.C. § 1332(c)(1) does not apply to the situation at hand because § 1332(c)(1) applies to only a limited number of cases, and ". . . does not act to destroy all diversity jurisdiction in claims arising against insurance companies." John Cooper Produce, Inc. v. Paxton National Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985). Courts have found that 28 U.S.C. § 1332(c)(1) "does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2d Cir. 1992). "[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Kelly v. State Farm Mut. Automobile Ins. Co., 764 F. Supp. 1337, 1339 (S.D. Iowa, 1991), quoting Beckham, 691 F.2d at 902. Therefore, defendant argues, and this Court agrees, that this case does not qualify as a "direct action." 28 U.S.C. § 1332(c)(1) does not provide a basis for remanding this cause of action.

As noted in the Court's Order requesting additional briefing (Doc. No. 20), however, the inquiry cannot end there. The Court must also determine whether this cause of action arises under state Workers' Compensation laws. 28 U.S.C. § 1445 provides that cases arising under state workers' compensation laws may not be removed to federal court.

In Humphrey v. Sequentia, Inc., 58 F.3d 1238 (8th Cir. 1995), the Eighth Circuit found that a plaintiff's retaliatory discharge claim arose under Missouri's Worker's Compensation

2

Act, holding that "plaintiff's action in state court 'arose under' Missouri workers' compensation laws because the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how § 287.870 [sic] is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed on the face of the complaint." Id. at 1246.

Humphrey provides a useful framework for decision-making; however, Humphrey does not directly address the issues presented in this case. The Court directed the parties to brief the issue of whether a claim for malicious prosecution where defendant files a workers' compensation fraud complaint (such as the one(s) allegedly filed in this case) arises under state workers' compensation laws, using the Humphrey framework detailed above.

Plaintiff responds to the Court's Order that (1) the action arises out of the worker's compensation laws of the respective states because "each state enacted a provision within its workers' compensation laws creating a mechanism for a party to be charged with criminal fraud **for acts generic to the workers' compensation system of that state**" (emphasis in original), and "[n]o workers' compensation claim means no cause of action"; (2) plaintiff has been given a right under each state's respective statute "to have each state agency determine whether the underlying workers' compensation claim is fraudulent"; (3) the success of plaintiff's claim depends on how the statutes are construed because how each state's administrative agency reviewed the fraud claims is relevant to whether defendant had reasonable grounds to start the process of examining plaintiff's workers' compensation claims for fraud; and (4) a genuine and present controversy is disclosed on the face of the

3

complaint in that the petition alleges that the filing of the state criminal complaints was done maliciously. Plaintiff also notes that "no portion of the workers' compensation act of either state specifically gives a right to file a malicious prosecution action," but that plaintiff's claim could not have arisen but for the state workers' compensation statute.

Defendant replies that a cause of action for malicious prosecution, however, is derived from the common law and does not "arise under" state workers' compensation laws. "Where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state." Yerington v. La-Z-Boy, Inc., 124 S.W.3d 517 (Mo. App. S.D. 2004) (quoting Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1246 (8th Cir. 1995)). As noted by defendant, neither Missouri's nor Kansas's workers' compensation laws create a right of action for malicious prosecution. Instead, Missouri's workers' compensation law is silent as to whether plaintiff has a right to proceed in a malicious prosecution action, while Kansas's workers' compensation statute provides that those that report possible fraudulent or abusive practices are immune from civil liability as long as such referral is made in good faith. See K.S.A. § 44-5,120 (l). Therefore, defendant states, the claim for malicious prosecution arises out of common law.[1]

---

[1]As noted by defendant, the elements of a Missouri malicious prosecution claim are (1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit. See, e.g., Brockman v. Regency Financial Corp., 124 S.W.3d 43 (Mo. App. W.D. 2004); MAI 23.07.

4

Further, defendant points out that an "arising under" analysis is not the same as the "but-for" analysis advocated by plaintiff (who cited no authority for his position). Defendant notes a similar Texas district court case dealing with a claim of breach of the duty of good faith and fair dealing: "If Congress had intended to a [sic] cause an action such as this to be nonremovable, it undoubtedly would have used in 28 U.S.C. § 1445(c) the words 'related to' rather than the words 'arising under.'" Warner v. Crum & Forster Commercial Ins. Co., 839 F. Supp. 436, 439 (N.D. Tex. 1993). Instead, the Texas district court held that workers' compensation laws had only ". . . an incidental relationship to the tort cause of action [for breach of the duty of good faith and fair dealing] when the insurance policy out of which the common law duty arises happens to provide worker's compensation benefits." Id. Defendant states that the workers' compensation laws of Missouri and Kansas similarly have only an incidental relationship to plaintiff's malicious prosecution claims in the present matter.

Defendant also suggests that there is no right established by RSMo § 287.128 and KSA §44-5,120. Neither of these statutes provide a civil cause of action to someone in plaintiff's circumstances. Defendant also notes that the elements of a malicious prosecution claim do not require plaintiff to show that defendant violated either of these statutory provisions; instead, plaintiff simply must show that the underlying action was resolved in his favor.

Furthermore, defendant notes that success on plaintiff's claim for malicious prosecution is not dependent upon the construction of RSMo § 287.128 or KSA §44-5,120.

5

Instead, defendant states that the relevant elements of plaintiff's claim are: (1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit. See Brockman v. Regency Financial Corp., 124 S.W.3d 43 (Mo. App. W.D. 2004); MAI 23.07.

With respect to whether a genuine and present controversy exists on the face of the complaint with reference to the applicable Missouri and Kansas statutes, defendants state that the procedures detailed in RSMo § 287.128 and KSA §44-5,120 simply provide procedures for actions to be taken where fraud is suspected. These statutory provisions do not illuminate the issue of whether the elements of a malicious prosecution case are met in this matter.

Defendant points out that Humphrey is distinguishable from the present matter because Missouri workers' compensation laws created a cause of action for retaliatory discharge. There has been no creation of a claim for malicious prosecution within Missouri or Kansas's workers' compensation laws. Defendant states that, at best, plaintiff's workers' compensation claim is incidental to the claims made in the present lawsuit, and such a tenuous relationship fails to meet the standard of "arising under" the state's workers' compensation law.

The Court agrees with defendant that plaintiff's claims do not arise under the workers' compensation laws of the states of Missouri or Kansas. The state workers' compensation laws do not appear to provide a right to plaintiff; instead, they provide a mechanism for

reporting possible fraudulent behavior. Therefore, no right established by the states' workers' compensation laws is an essential element of plaintiff's claim. Nor does the success of plaintiff's claim appear to rest on the construction of the state workers' compensation statutes; instead, the elements of the common-law malicious prosecution action can be proven without a detailed inquiry into the workers' compensation statutes. No genuine and present controversy appears with respect to the workers' compensation statutes that plaintiff states are applicable; instead, those statutes merely provide the mechanism allegedly used by defendant to report plaintiff's behavior. The Court also agrees that the "arising under" analysis is more stringent than a "but-for" analysis. Where a cause of action is expressly created within the state's workers' compensation scheme, such a cause of action "arises under" the state's workers' compensation laws. See Hanna v. Fleetguard, Inc., 900 F. Supp. 1110, 1121-22 (N.D. Iowa 1995). A cause of action for malicious prosecution does not appear in Missouri or Kansas's workers' compensation laws, and thus plaintiff's claims in this matter appear to be incidentally related to his filing of a workers' compensation claim.

Because plaintiff's claim is neither (1) a direct action against an insurer nor (2) a claim arising out of a state's workers' compensation laws, plaintiff's motion to remand (Doc. No. 6) is **DENIED.**

## II. Defendant's Motion to Dismiss or for More Definite Statement (Doc. No. 3)

Defendant moves for an Order dismissing plaintiff's complaint because it fails to state a claim upon which relief may be granted. In the alternative, defendant moves for an Order requiring plaintiff to file a more definite statement because defendant claims the complaint

is vague and ambiguous.

In response to defendant's motion and after presenting arguments against dismissal, plaintiff states that "pursuant to Rule 15(a) plaintiff will gladly amend the Petition [sic] should the Court grant it leave to do so." The Court construes this request as a motion for leave to amend plaintiff's Complaint; however, it is not a properly presented motion. Consequently, plaintiff **SHALL**, on or before **July 21, 2005,** electronically file a Motion for Leave to Amend, to which a copy of the Proposed Amended Complaint shall be attached. Within the proper time period, defendant will have leave to respond to said motion, and plaintiff may reply thereto. Therefore, defendant's currently pending motion (Doc. No. 3) is **DENIED.**

**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge


Dated: ____July 11, 2005____
Kansas City, Missouri